UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LANESSA GREEN, | Case No. 15-CV-2276 (JNE/LIB) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| CHARTER SPECTRUM COMMUNICATION, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2]; and Amended Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 10].

Plaintiff Lanessa Green commenced this action alleging violations of unspecified federal laws. Green did not pay any filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. This Court declined to grant Green's IFP application at that time, as her complaint did not state a claim on which relief could be granted. *See* Docket No. 5. Rather than recommending that this action be dismissed, however, this Court provided Green with an opportunity to file an amended complaint curing the deficiencies of her original pleading.

Green's amended complaint has not remedied the deficiencies of her original pleadings. The two pleadings filed by Green, taken together, suggested that Green believed defendant Charter

Spectrum Communication ("Charter") had violated federal law by mailing Green's personal information to other persons who lived in Green's apartment complex. *See* Docket No. 13 at 2. But Green had not alleged what information of hers (other than her address) had been divulged. *Id*. Moreover, although Green was alleging violations of federal law, she did not specify any particular statute under which she was suing. Once again, rather than recommending dismissal of this action, this Court provided Green with an opportunity to file an amended complaint.

Green has now filed her second amended complaint.[1] *See* Docket No. 15. This Court once more must conclude that Green's pleading fails to state a claim on which relief may be granted. Accordingly, it is now recommended that this action be dismissed at this time and that Green's IFP application be denied.

An IFP application will be denied and the action dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual

---

[1] Five days after filing the pleading considered in this Recommendation, Green filed another pleading, which she labeled as her "2nd Amended Complaint" but which in truth is her third amended complaint (that is, her *fourth* pleading). *See* Docket No. 18. Green did not have leave of court or the consent of the opposing party to file her fourth complaint, and so this complaint is not properly before the Court. *See* Fed. R. Civ. P. 15(a). Further, this fourth complaint is not signed, in violation of Fed. R. Civ. P. 11(a). In any event, the claims raised by Green in her fourth complaint are entirely duplicative of the claims she raises in her third complaint. Accordingly, even if the fourth complaint were to be considered on its substance, this Court would still recommend that this action be dismissed for the reasons described in the body of this order.

allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard mere legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Green appears to allege four causes of action against Charter in her second amended complaint. None of those claims are viable, however.

First, Green attempts to bring claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).[2] The FTCA, however, authorizes only certain actions "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission *of any employee of the Government* while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id*. (emphasis added). Charter is not alleged to be an "employee of the Government," and any such allegation, if raised, would on its face be implausible. Green, therefore, cannot state an FTCA claim against a private entity like Charter, and any such claim must be dismissed.

---

[2]Green cites to 28 U.S.C. § 2672, which governs the administrative adjudication of tort claims brought against the United States. *See* Second Am. Compl. ¶ 7 [Docket No. 15]. Section 2672 is not an independent cause of action. Accordingly, this Court will analyze Green's FTCA claim as being brought under § 1346(b).

Second, Green attempts to bring claims against Charter under 42 U.S.C. § 1985 for "[c]onspiracies to interfere with Civil Rights." Second Am. Compl. ¶ 7. Because Green does not allege that Charter conspired to prevent an officer of the United States from performing his official duties, or that Charter conspired to obstruct justice, this Court can only assume that Green's claim is being brought pursuant to § 1985(3), which prohibits individuals from conspiring to deprive persons of their constitutional rights. But an alleged conspiracy to infringe constitutional rights generally "'is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the State.'" *Federer v. Gephardt*, 363 F.3d 754, 758 (8th Cir. 2004) (quoting *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 830 (1983)). There is no allegation in the second amended complaint of state involvement nor an intent by Charter to influence the activities of the state. Moreover, "[f]or a private conspiracy to come within the ambit of the first clause of § 1985(3), the plaintiff must also establish (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirator's action; and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Federer*, 363 F.3d at 759. Leaving aside the question of whether Charter is being alleged to have interfered with rights "that are protected against private, as well as official, encroachment," Green has no where alleged facts to show that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" was behind any of Charter's actions. Accordingly, Green's claim under § 1985(3) must fail.

Third, and fourth, Green seeks to bring claims under 18 U.S.C. § 241 & 18 U.S.C. § 242, which impose criminal penalties for civil-rights violations. But neither of those statutes has been interpreted as providing a right to assert a private cause of action. *See United States v. Wadena*, 152

F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241, even though the statute allows federal authorities to pursue criminal charges."); *Houck v. Heaton*, 515 Fed. App'x 725, 725 (10th Cir. 2013) (per curiam) ("The district court dismissed Houck's complaint for failure to state a claim because 18 U.S.C. § 242 provides no private right of action. The district court is correct."). Therefore, Green's claims, here too, must be dismissed.

Finally, although Green alleges only federal causes of action in her second amended complaint, she does not allege that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Instead, Green alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a), as the parties are citizens of different states. *See* Second Am. Compl. ¶ 3. But assuming only for the sake of discussion that Green were attempting to assert state law claims under diversity jurisdiction, she has not alleged that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). It is also exceedingly doubtful based on the factual allegations that are made in the second amended complaint that more than $75,000 could be at stake in this litigation. Green, therefore, has not established that § 1332(a) provides even a potential alternative basis for jurisdiction in this case.

The diversity jurisdictional question is largely irrelevant to Green's attempted pleading of her federal causes of action. Although Green does not allege that § 1331 provides a basis for federal question jurisdiction, pro se complaints are entitled to a liberal reading, and so this Court will take judicial notice that § 1331 establishes original jurisdiction over the federal claims she explicitly attempts to raise in this action. This Court notes, however, that § 1331 does not extend to state-law causes of action. Thus, if Green's complaint were to be further liberally interpreted as somehow

stating a state-law cause of action,[3] there would be no basis for original jurisdiction over those claims, as neither § 1331 nor § 1332 would apply to such a claim, and the Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where, as here, all federal claims are dismissed prior to trial. *See, Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Lanessa Green's applications to proceed *in forma pauperis* [Docket Nos. 2 & 10] be DENIED.

Dated: August 18, 2015                                s/Leo I. Brisbois
                                                      Leo I. Brisbois
                                                      U.S. MAGISTRATE JUDGE

**NOTICE**

---

[3]Green does hint at state-law claims of negligence and intentional infliction of emotional distress in the "request for relief" section of the operative pleading, but neither claim is specifically plead. *See* Second Am. Compl. at 4. In any event, even if this Court had jurisdiction over those claims, and even if Green adequately pleaded those state law claims, this Court would recommend dismissal. Charter's conduct, as alleged by Green, cannot plausibly be interpreted as "'extreme and outrageous,'" as is needed under Minnesota law to recover for intentional infliction of emotional distress. *See Albert v. Indep. Sch. Dist. No. 709*, No. A12-1516, 2013 WL 1500986, at *3 (Minn. Ct. App. Apr. 15, 2013) (quoting *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 438 (Minn. 1983)). Further, Green has not alleged that she suffered any actual damages or injury through Charter's actions, and therefore, she has not adequately pleaded a negligence claim under Minnesota law. *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995).

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.